UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELZIE W. MCADAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 18-CV-07485-LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiffs Elzie W. McAdams and Phyllis McAdams (collectively, "Plaintiffs") bring this lawsuit against Defendants Ford Motor Company ("Ford") and Lithia Ford Lincoln of Fresno ("Lithia") (collectively, "Defendants") for claims arising from Ford's sale of an allegedly defective vehicle. Before the Court is Plaintiffs' motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion to remand.

**I.  BACKGROUND**

**A. Factual Background**

Plaintiffs are residents of Madera County, California. ECF No. 1-1, Ex. B ("Compl."), at ¶ 2. Defendant Ford designs, manufactures, and sells automobiles, and is a Delaware corporation

1
Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

operating in California. *Id.* at ¶ 4. Defendant Lithia sells, services, and repairs automobiles, and conducts business in California. *Id.* at ¶ 5.

Plaintiffs allege that on or about October 24, 2012, Plaintiffs purchased a 2011 Lincoln MKZ vehicle ("Vehicle") "manufactured and or distributed by Defendant Ford." *Id.* at ¶ 9. Plaintiffs did not purchase the Vehicle from Defendant Lithia. *See* Reply at 1 n.1 (conceding that "Lithia Ford did not sell the Subject Vehicle to Plaintiffs"). When Plaintiffs purchased the Vehicle, Defendant Ford provided Plaintiffs with express written warranties including a "4 year/50,000 miles bumper to bumper warranty and a 6 year/70,000 miles powertrain warranty, which covers the engine and transmission." Compl. at ¶ 10.

Those warranties provided that if "a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired." *Id.* Plaintiffs allege that during the warranty period, the Vehicle developed defects related to the Vehicle's electrical system, brakes, climate control system, seats, battery, engine, and many other components of the Vehicle. *Id.* at ¶ 11. However, "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* at ¶ 12.

Plaintiffs allege that when Plaintiffs presented the Vehicle to Defendant Ford's representative, "Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* at ¶ 19.

As to Defendant Lithia, Plaintiffs allege that Plaintiffs "delivered the Subject Vehicle to Defendant Lithia for substantial repair on at least one occasion." *Id.* at ¶ 36. However, "Defendant Lithia breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." *Id.* at ¶ 38.

**B. Procedural History**

On October 31, 2018, Plaintiffs filed their complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. On November 15, 2018, Plaintiffs

2

served their complaint on Defendants. ECF No. 1 at 2.

Plaintiffs' complaint includes six causes of action: (1) violation of California Civil Code § 1793.2(d) against Defendant Ford, Compl. at ¶¶ 9–17; (2) violation of California Civil Code § 1793.2(b) against Defendant Ford, *id.* at ¶¶ 18–22; (3) violation of California Civil Code § 1793.2(a)(3) against Defendant Ford, *id.* at ¶¶ 23–25; (4) breach of express written warranty in violation of California Civil Code §§ 1791.2(a), 1794 against Defendant Ford, *id.* at ¶¶ 26–29; (5) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, 1794 against Defendant Ford, *id.* at ¶¶ 30–34; and (6) common law negligent repair against Defendant Lithia. *Id.* at ¶¶ 35–39.

Plaintiffs allege that any applicable statutes of limitation are subject to "equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling." *Id.* at ¶ 8.

On December 12, 2018, Defendants removed Plaintiff's complaint to federal court. ECF No. 1. Defendants' notice of removal asserts two grounds for removal. First, Defendants state that federal question jurisdiction exists because Plaintiffs bring a cause of action for violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq*. *Id.* at 3. Defendants state that the Court may exercise supplemental jurisdiction over Plaintiffs' related state law claims. *Id.* at 4.

Second, Defendants' notice of removal states that the Court has diversity jurisdiction over Plaintiffs' complaint. *Id.* at 5. Although Plaintiffs and Defendant Lithia are all citizens of California, Defendants state that Plaintiffs fraudulently joined Defendant Lithia, such that diversity jurisdiction is not defeated. *Id.* at 6.

On January 11, 2019, Plaintiffs filed the instant motion to remand. ECF No. 11 ("Mot."). Plaintiffs also filed a concurrent request for judicial notice. ECF No. 11-5. The Court denies as moot Plaintiffs' request for judicial notice, as the Court's order does not rely on the document attached to Plaintiffs' request for judicial notice. On January 25, 2019, Defendants filed their opposition, ECF No. 12 ("Opp."), and on February 1, 2019, Plaintiffs filed their reply. ECF No. 14 ("Reply").

3
Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## III. DISCUSSION

Plaintiffs' motion to remand argues that the Court lacks subject matter jurisdiction over Plaintiffs' complaint because both Plaintiffs and Defendant Lithia are citizens of California. Mot.

4

Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

at 3. In opposition, Defendants argue that (1) the Court has federal question jurisdiction because Plaintiffs bring a federal Magnuson-Moss Act claim; and (2) the Court has diversity jurisdiction because Plaintiffs fraudulently joined Defendant Lithia. Opp. at 3, 9. The Court discusses these two alleged bases for subject matter jurisdiction in turn.

**A. Federal Question Jurisdiction**

Defendants argue that federal question jurisdiction exists because Plaintiffs bring a claim under the federal Magnuson-Moss Act, 15 U.S.C. § 2301. Opp. at 3–4. However, Plaintiffs' complaint includes no such federal claim.

Plaintiffs' complaint lists six causes of action, none of which arises under the federal Magnuson-Moss Act. *See* Compl. at ¶¶ 9–39. Five causes of action arise under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, and one is a common law California tort claim for negligent repair. *Id.*

Nonetheless, Defendants argue that Plaintiffs' complaint includes a Magnuson-Moss Act cause of action because the complaint's prayer for relief requests "any remedies pursuant to the Magnuson-Moss Act." *Id.* at p.8. In addition, Plaintiffs' complaint alleges that "[t]o the extent there any statutes of limitation applicable to Plaintiffs' claims—including, without limitation, the express warranty, implied warranty, and Magnuson-Moss claims—the running of the limitation periods have been tolled . . ." *Id.* at ¶ 8.

In reply, Plaintiffs expressly disclaim any reliance on the Magnuson-Moss Act that one might infer from those stray references: "Plaintiffs have not alleged a Magnuson-Moss Act cause of action." Reply at 1. Plaintiffs explain that "[a]ny references to the Magnuson-Moss Act in the Complaint's Tolling paragraph and Prayer for Relief were typographical errors," and blame a former attorney for the errors. *Id.* Defendants do not identify any other federal causes of action in Plaintiffs' complaint. Thus, absent any cause of action that arises under federal law, Plaintiffs' complaint does not provide a basis for federal question jurisdiction. 28 U.S.C. § 1331.

Defendants make much of Plaintiffs' failure to contest federal question jurisdiction in Plaintiffs' motion, *see* Opp. at 3, but the Court has an independent obligation to confirm its own

5
Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

subject matter jurisdiction and to remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Here, federal question jurisdiction does not provide a basis for the Court to exercise subject matter jurisdiction over Plaintiffs' complaint.

### B. Diversity Jurisdiction

The Court next considers whether Defendants have shown that diversity jurisdiction exists. Complete diversity of parties is required: "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However, fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Here, Defendants argue that Defendant Lithia was fraudulently joined to destroy diversity jurisdiction, and that removal was thus proper. However, Defendants have not carried their heavy burden to show that Defendant Lithia was fraudulently joined.

As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants. The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (citations and quotation marks

6

Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

omitted). To resolve fraudulent joinder claims, the Court may look beyond the pleadings to evidence proffered by the parties. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Here, Plaintiffs bring only a negligent repair claim against Defendant Lithia. Compl. at ¶¶ 35–39. Thus, the question is whether it is obvious under settled California law that Plaintiffs cannot state a negligent repair claim against Defendant Lithia. Defendants argue that Plaintiffs' negligent repair claim against Defendant Lithia is barred by the economic loss rule and by the statute of limitations. Opp. at 9. The Court considers Defendants' arguments in turn.

### 1. Economic Loss Rule

First, Defendants contend that Plaintiffs' negligent repair claim is barred by the economic loss rule. Economic losses are "damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Under the economic loss rule, a plaintiff may generally only recover economic losses through contract rather than through tort: "[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 482 (2002).

Defendants contend that the economic loss rule applies because Plaintiffs do not allege any injury to Plaintiffs or to other property, only that the Vehicle is defective. However, the economic loss rule is not so absolute. For example, the California Supreme Court has held that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Jimenez*, 29 Cal. 4th at 483. Thus, in a recent negligent repair case also involving a Ford vehicle, a district court held that where a plaintiff alleged "problems with various subcomponents of the engine, including the rear driveshaft, engine compartment, and turbocharger," the economic loss rule "would not bar recovery in tort for damage that these

7

Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019). Thus, the *Sabicer* court held that "Defendants have failed to prove that a customer could not possibly recover against a dealership for negligent repair." *Id.*

Further, numerous other federal district courts—in cases also involving Ford vehicles—have held that the economic loss rule's application to negligent repair claims is not obvious or settled by California law. For example, in *Gayou v. Ford Motor Co.*, 2019 WL 132584 (C.D. Cal. Mar. 25, 2019), the district court held that because of the "the lack of clarity in California law regarding the tort duties arising from service contracts," plaintiff's claim for negligent repair against a car dealership was not "impossible" under California law. *Id.* at *3; *see also Lytle v. Ford Motor Co.*, 2018 WL 4739800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *2 (C.D. Cal. Aug. 16, 2018) (finding that the defendants did not prove that the plaintiff's negligent repair claim was impossible under California law).

Defendants cite no contrary authority. Thus, Defendants have not carried their heavy burden to show that the economic loss rule renders Plaintiffs' joinder of Defendant Lithia fraudulent.

### 2. Statute of Limitations

Second, Defendants contend that the statute of limitations bars Plaintiffs' negligent repair claim against Defendant Lithia. Under California law, the statute of limitations for a negligent repair claim is three years. Cal. Civ. Proc. Code § 338(c)(1) (setting forth a three-year statute of limitations for "[a]n action for taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property"); *see also Sabicer*, 362 F. Supp. 3d at 842 (holding that a negligent repair claim is subject to § 338's three-year statute of limitations).

However, Defendants contend that the statute of limitations is two years, but Defendants cite California Code of Civil Procedure § 339, which applies to breach of contract actions and not

8

negligent repair actions such as the instant case. Cal. Civ. Proc. Code § 339; *see also Sabicer*, 362 F. Supp. 3d at 842 (noting that § 339 "deals with causes of action based on contract, not tort").

According to Defendants, Plaintiffs last visited Defendant Lithia for repairs on February 13, 2015, more than three years before Plaintiffs filed their October 31, 2018 complaint. Opp. at 12; *see also* ECF No. 12-3, Declaration of Brent Hall ("Hall Decl."), ¶ 3 (Defendant Lithia's general manager declaring that Plaintiffs last visited Defendant Lithia for repairs on February 13, 2015).

Under California's delayed discovery rule, the statute of limitations only begins to run once the plaintiff discovers or should have discovered all facts essential to his cause of action. *Camsi IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1536 (1991) (discussing delayed discovery rule and holding that statutes of limitation "should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could reasonably be expected to discover its existence") (citations omitted). The fact that Plaintiffs last presented the Vehicle to Defendant Lithia for repair on February 13, 2015 does not show *when* Plaintiffs discovered that Defendant Lithia had allegedly failed to repair the Vehicle in accordance with industry standards.

Here, Plaintiffs' complaint alleges that "the discovery rule" has tolled the statute of limitations applicable to Plaintiffs' claims. Compl. at ¶ 8. Although Plaintiffs' complaint is not specific about how the delayed discovery rule applies to Plaintiff's negligent repair claim, the question at this stage is not whether Plaintiffs' complaint states a claim against Defendant Lithia, but only whether there is a "possibility" that Plaintiffs' complaint states a claim against Defendant Lithia. *See Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Defendants have cited no authority that the delayed discovery rule *cannot* apply to negligent repair claims. *See Sabicer*, 362 F. Supp. 3d at 842 (holding that the defendants failed to prove that there is "no possibility" that plaintiffs could invoke the delayed discovery rule to allege a negligent repair claim against an in-state dealership).

9
Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

In sum, Defendants have not shown that it is impossible for Plaintiffs to invoke the delayed discovery rule to toll the statute of limitations on Plaintiffs' negligent repair claim. *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *3 (N.D. Cal. May 17, 2010) (holding that remand was appropriate in case where defendants argued fraudulent joinder because "defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claims against the individual defendants under California law"). Thus, Defendants have not carried their heavy burden to show that Plaintiffs' inclusion of Defendant Lithia was fraudulent.

Accordingly, because Plaintiffs and Defendant Lithia are citizens of California and because Defendants have failed to prove fraudulent joinder, the Court lacks diversity jurisdiction over the instant action, and must remand the case to state court.

### 3. Severance Under Rule 21

Alternatively, Defendants ask the Court to sever Defendant Lithia from the case under Federal Rule of Civil Procedure 21, which provides that a court may sua sponte "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19").

However, the Court declines to exercise its discretion to sever Defendant Lithia. Plaintiffs' claims against Defendant Ford and Defendant Lithia arise from the same series of transactions or occurrences. For example, Plaintiffs' claim against Defendant Lithia involves the same Vehicle and some of the same defects in that Vehicle as Plaintiffs' claims against Defendant Ford, such that judicial efficiency weighs against severing Defendant Lithia. Moreover, the Court has already concluded that removal was not warranted because the Court lacks federal question jurisdiction or diversity jurisdiction. To sever Defendant Lithia for the Court to exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant Lithia under Rule 21.

10
Case No. 18-CV-07485-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand and REMANDS the instant case to California Superior Court for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 5, 2019

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge